## O'BRIEN *v.* SMITH.

(*Supreme Court, General Term, First Department.* February 13, 1891.)

DISMISSAL OF APPEAL—ANOTHER ACTION PENDING.

An appeal will not be dismissed on the ground that since it was taken the appellant has brought an action to recover upon the cause of action set up in his counter-claim, it appearing that the counter-claim was stricken out for failure to furnish a bill of particulars thereof.

Appeal from circuit court, New York county.

*Magner & Hughes,* (*C. Donohue,* of counsel,) for appellant. *Edward W. S. Johnston,* for respondent.

BARRETT, J. The ground of the motion to dismiss is that since the appeal was taken the defendant (appellant) has brought an action in the city court of Brooklyn against the present plaintiff, to recover upon the same cause of action set up by way of counter-claim herein. It appears that this counter-claim was stricken out at special term for failure to furnish a bill of particulars thereof, as required by an order duly made upon motion. We cannot see why the defendant (appellant) should be deprived of his right to review the judgment appealed from because of the bringing of such an action. It is his only remedy, if he is in error in his present contention, and he has stipulated to stay proceedings in the other action until the determination of the appeal here, and, in case a new trial is awarded, until final judgment thereon. There is no force in the objection that the defendant (appellant) waived this appeal by the bringing of such an action. Even if the claim here made is in some respects inconsistent with the position assumed in the other action, that is no reason for the dismissal of an appeal which seeks to review a completed record, made up before such inconsistent action was brought. In case of a new trial the question might be raised by supplemental pleading, or in some other proper manner. Upon appeal, however, we cannot go outside of the record on a motion to dismiss, further than to ascertain whether there has been a waiver of the appeal. There has been no such waiver in this case, and the motion to dismiss should be denied, with costs. All concur.